## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## FRANKFORT

**CRIMINAL ACTION NO. 3:26-CR-00003-GFVT -MAS**

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

V.                                            **PLEA AGREEMENT**

**BILLY L. NOEL**                                                    **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 1-3 of the Indictment. Count 1 charges Possession with Intent to Distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1); Count 2 charges Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A); and Count 3 charges Convicted Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

2. The essential elements of Count 1 of the Indictment are:

   (a) That the Defendant knowingly and intentionally possessed 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and

   (b) That Defendant intended to distribute the controlled substance to another person.

3. The essential elements of Count 2 are as follows:

1

(a) That the defendant committed a drug trafficking crime as charged in Count 1 of the Indictment;

(b) That the defendant knowingly possessed a firearm; and

(c) That the possession of the firearm was in furtherance of the crime charged in Count 1.

4. The essential elements of Count 3 of the Indictment are:

(a) That the defendant has been convicted of a crime punishable by imprisonment for more than one year; and

(b) That the defendant, following his conviction, knowingly possessed a firearm; and

(c) That at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

(d) That the specified firearm crossed a state line prior to the alleged possession.

5. As to the Counts 1-3 of the Indictment, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

(a) On September 16, 2025, officers were dispatched to Eagle Drive in Anderson County, within the Eastern District of Kentucky, in reference to a suspicious vehicle that had been sitting in the roadway for an extended period of time. An officer with the Lawrenceburg Police Department approached the vehicle and detected the smell of marijuana. Upon searching the vehicle, the following was located:
   i. $821 cash between the driver's seat and the door.
   ii. A glass pipe.
   iii. A digital scale.
   iv. A dollar general sack containing a large bag of unidentified mushrooms.

2

     v.  A large bag of marijuana.

     vi.  A clear bag containing methamphetamine and another glass pipe with residue.

(b) Located under the driver seat in the vehicle was a loaded Taurus G2C 9mm handgun.

(c) BILLY NOEL is convicted of the following felonies: Intimidating a Participant in Legal Process, Burglary First Degree (3 Counts) Burglary Second Degree (3 Counts) from 2007; Wanton Endangerment First Degree (3 Counts), Assault Second Degree (4 Counts) from 2000; and Trafficking in a Controlled Substance within 100 yards of a School from 1999.

(d) The Kentucky State Police Laboratory tested the suspected methamphetamine and determined that it did, in fact, contain methamphetamine, a Schedule II controlled substance, and the net weight was 219 grams.

(e) The Defendant, BILLY NOEL, admits that he knowingly and intentionally possessed 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and that he intended to distribute the controlled substance to another person. NOEL also admits that he did knowingly possess a firearm, to wit: a Taurus; Model: G2C; Caliber: 9mm; Type: Pistol; Serial Number: TMW28539, in furtherance of a drug trafficking crime, as charged in Count 1 of this Indictment, for which he may be prosecuted in a court of the United States. NOEL further admits that he knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year at the time he knowingly possessed a firearm, to wit: a Taurus; Model: G2C; Caliber: 9mm; Type: Pistol; Serial Number: TMW28539, that was in and affecting interstate commerce.

6. The statutory punishment for Count 1 is imprisonment for not less than 5 years imprisonment, not more than 40 years imprisonment, not more than a $5,000,000 fine, and not less than 4 years of supervised release. The statutory punishment for Count 2 is imprisonment not less than 5 years imprisonment, not more than life imprisonment, consecutive to any other sentence, not more than a $250,000 fine, and not more than 5

years of supervised release. The statutory punishment for Count 3 is imprisonment for not more than 15 years, not more than a $250,000 fine, and not more than 3 years supervised release. A mandatory special assessment of $100 applies for each Count, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing.

7. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

(a) The United States Sentencing Guidelines (U.S.S.G.), in effect at the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 5 and all the provided discovery materials.

(c) Pursuant to U.S.S.G. § 2D1.1(c)(7), the base offense level is at least 26 because there is at least 200 grams but less than 350 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

(d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

9. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the exceptions that the Defendant may appeal the Court's designation of the Defendant as a career offender pursuant to U.S.S.G. § 4B1.1 and an armed career criminal pursuant

4

to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before

5

transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The

6

Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

7

JASON D. PARMAN
FIRST ASSISTANT
UNITED STATES ATTORNEY

Date: ___5/20/26_____     By:     /s/Aubrey Girouard_____
                                        Aubrey Girouard
                                        Assistant United States Attorney


Date: 5-20-26_____     _B̲il̲l̲y̲ ̲N̲o̲e̲l̲_____
                       Billy L. Noel
                       Defendant


Date: 5/20/26_____     _J̲e̲f̲f̲r̲e̲y̲ ̲R̲a̲g̲e̲r̲_____
                       Jeffrey C. Rager
                       Attorney for Defendant

8